UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAVIS ANTHONY JR.,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>COUNTY OF SANTA CLARA, et al.,<br><br>　　　　　Defendants. | Case No. 19-cv-08303-LHK   (VKD)<br><br>**ORDER CONDITIONALLY GRANTING LEAVE TO DEPOSE PLAINTIFF JAVIS ANTHONY IN PRISON; AND REQUESTING SUPPLEMENTAL BRIEFING**<br><br>Re: Dkt. No. 83 |

　　　　Before the Court is defendants' request for leave to depose plaintiff Javis Anthony, Jr., who is currently incarcerated in Valley State Prison. Dkt. No. 83. Mr. Anthony's fourth amended complaint asserts claims relating to the medical care he received while in prison and the conditions of his confinement, as well as claims relating to the prison's alleged failure to accommodate his disabilities. Dkt. No. 80. Defendants say that they wish to obtain testimony from Mr. Anthony regarding his experiences while in custody. *Id.* at 1–2.

　　　　Although plaintiff has been provided notice of defendants' motion, the Court has received no opposition or other response to the motion.[1]

　　　　Under Rule 30(a)(2)(B) of the Federal Rules of Civil Procedure, a party must obtain leave of the Court to take a deposition if the deponent is confined in prison. The Court must grant leave

---

[1] For discovery matters, the undersigned requires that the parties confer and jointly submit any disputes using the expedited procedure described in the Standing Order for Civil Cases (effective August 2, 2021), at https://cand.uscourts.gov/wp-content/uploads/judges/demarchi-vkd/VKD_Standing_Order_for_Civil_Cases_8-2021.pdf. However, in this matter, defense counsel explains that he was unable to obtain any response from Mr. Anthony or Ms. Choates to his request for a deposition. *See* Dkt. No. 83-2.

to the extent consistent with Rule 26(b)(1) and (2).  *See, e.g.*, *Edward/Ellis v. New United Motors Mfg. Inc.*, No. C 07-05452 WHA, 2008 WL 4712602, at *2 (N.D. Cal. Oct. 22, 2008) ("[D]efendant has a right to depose plaintiff in order to prepare a thorough defense to plaintiff's claims.").

Defendants explain that the testimony they seek from Mr. Anthony will concern his experiences while in custody, but they do not elaborate further on the scope of the intended deposition.  However, if the deposition is fairly limited to matters relating to the claims and defenses raised in the case, the deposition is within the scope of permitted discovery.  *See Griffin v. Johnson*, No. 1:13-CV-01599-LJO-BAM (PC), 2016 WL 4764670, at *1 (E.D. Cal. Sept. 12, 2016) (in a pro se prisoner action for excessive force and deliberate indifference to serious medical needs, permitting defendants to take plaintiff's deposition at the prison where plaintiff was at the time incarcerated).  Accordingly, the Court concludes that defendants have demonstrated that a deposition of Mr. Anthony is needed to obtain evidence relevant to their defense to Mr. Anthony's claims.

However, defendants do not address whether Mr. Anthony is able to sit for a deposition or the manner in which that deposition will be conducted.  In his fourth amended complaint, plaintiff alleges that he suffers from "a seizure disorder, autism, attention deficit hyperactivity disorder, and low IQ, and has suffered from these disabilities since at least 2007."  Dkt. No. 80 ¶ 15.  Mr. Anthony allegedly has been "severely overmedicated from day 1 of his incarceration" and this overmedication, on one occasion, led to him lying "unconscious on the floor" and his subsequent hospitalization.  *Id.* ¶¶ 23–24.  On another occasion, plaintiff could not "meaningfully explain what had happened [with his foot injury], due to his being severely disoriented and overmedicated."  *Id.* ¶ 34.

Accordingly, the Court directs defendants to supplement their motion by **October 8, 2021** to address whether Mr. Anthony is able to sit for deposition and, if so, whether any special arrangements are necessary to accommodate any disabilities or conditions that might make it difficult for him to testify.

//

1     **IT IS SO ORDERED.**

2   Dated: September 24, 2021

                                              VIRGINIA K. DEMARCHI
                                              United States Magistrate Judge